**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

ELEAZAR CARDONA, and other similarly-
situated individuals,

        Plaintiff,

-vs-               Case No.  2:09-cv-707-FtM-29SPC

SUN STATE ENTERPRISES, INC.,

        Defendant.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This matter comes before the Court on the Parties' Joint Motion to Approve Settlement (Doc. #29) filed on October 29, 2010.  The Parties indicate they have reached a settlement of the Plaintiff's claims against the Defendant and seek approval of the agreement.

   This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq.* The Parties have reached a settlement agreement and seek court approval of that agreement.  In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."  There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-3. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by

employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

In this case, the parties have agreed to a settlement amount of $15,000.00. The Plaintiff, Eleazar Cardona, has agreed to accept $7,800,00 in unpaid overtime wages and liquidated damages as a fair and reasonable settlement of her claim. Counsel for the Plaintiff, Remer & Georges-Pierre, PLLC, shall receive $7,200.00 in attorney's fees and costs for representation of the Plaintiff. Consistent with the ruling in Bonetti v. Embarq. Mgmt. Co., 2009 WL 2371407 (M.D. Fla. Aug. 2009)[1], Counsel indicates the settlement of the Plaintiff's recovery on the asserted claims and the issue of attorney's fees and costs were negotiated independent and in seriatim.

---

[1] The Bonetti Court held if the Plaintiff's recovery and attorney's fees were settled independently of the Plaintiff's claims, there would be no need to file the attorney's billing records unless the fees were out of line compared with the settlement agreement. Thus, the award of attorney's fees and costs would no longer require approval using the lodestar approach. See Order Doc. # 27.

According to the settlement agreement, the settlement proceeds shall be distributed as follows: one check to be made payable to the Plaintiff in the amount of seven thousand eight-hundred dollars ($7,800.00) and one check made payable to Remer & Georges-Pierre, PLLC, in the amount of seven thousand two-hundred dollars ($7,200.00), which Plaintiff claims represents liquidated damages and compensatory damages associated with the Plaintiff's administrative claims and the amount of attorney's fees and litigation costs.

Because the Plaintiff has agreed that the settlement figure was entered into knowingly and voluntarily, after having the opportunity to fully discuss it with his attorney, the Court concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.

Accordingly, it is now

**RECOMMENDED:**

The Joint Motion to Approve Settlement (Doc. #29) should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court. It is further respectfully recommended the case should be **DISMISSED with Prejudice** pursuant to the agreement of the Parties and the Clerk should be directed to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended at Fort Myers, Florida, this  3rd  day of November, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record